Salvatore G. Gangemi (SG 6769)
**GANGEMI LAW FIRM, P.C.**
82 Wall Street, Suite 300
New York, New York 10005
Tel:    (212) 425-0630
Fax:    (212) 425-0635
E-Mail: *sgangemi@gangemilaw.com*

Attorneys for Plaintiffs

Jonathan Bernstein (JB 4053)
**LEVY DAVIS & MAHER, LLP**
29 Broadway, 9th Floor
New York, New York 10006
Tel:    (212) 371-0033
Fax:    (212) 371-0463
E-Mail: *jbernstein@levydavis.com*

Attorneys for Plaintiffs



**09 CIV. 4113**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

**JUDGE GARDEPHE**

FILED
APR 27 2009
USDC WP SDNY

SARAH ANN BATTINO, NORICA  BULICA,
RENATA CACACE, ALEJANDRA CANDELARIO,
SANDRA CAPUTO, HALLIE CLARKE, ANIKO
COCINESCU, ELENA COTETI, JOHN
DEGIORGIO, JOSEPH  GUARINO, EMILY
HOFFMAN, RAMONA IONESCU, ADRIANA
MOISE, MONICA O'LEARY, VALERIE PHILIP,
JENNIFER RATHBUN, MONICA REDMAN,
ZOITA SORINA RUS, SCOTT SACHS, NATALIA
SANDU, ANA SANTOS, REHKA SUNDARESH,
SVETLANA TABAGARI, ALICIA VILLANOVA,
SOFIA VISAN, AMANDA WELLS, LISA
YAEGER-WOJCHIK, AND ELENA ZAYAS,
individually, and on behalf of all others similarly
situated and as class representatives,

**CLASS ACTION COMPLAINT
AND JURY TRIAL DEMAND**

                                        Plaintiffs,
            v.


CORNELIA FIFTH AVENUE, LLC; SPA CHAKRA
FIFTH AVENUE, LLC; CORNELIA ZICU
INTERNATIONAL, LLC; CORNELIA
INTERNATIONAL  401(K) PLAN; RICHARD
AIDEKMAN; ELLEN SACKOFF; and MICHAEL
CANIZALES,

                                        Defendants.
-------------------------------------------------------------------------x

        Plaintiffs, on behalf of themselves and all others similarly situated, by their attorneys,

complain of defendants Cornelia Fifth Avenue, LLC ("Cornelia LLC"), Spa Chakra Fifth

Avenue, LLC ("Chakra LLC"), Cornelia Zicu International, LLC ("Cornelia International"),

Cornelia International 401(K) Plan ("401(k) Plan"),  Richard Aidekman ("Aidekman"), Ellen

Sackoff ("Sackoff") and Michael Canizales ("Canizales") (hereinafter collectively referred to as

"defendants" or "Cornelia Day Resort"), as follows:

## NATURE OF ACTION

1.     This action involves illegal wage practices, including Cornelia Day Resort's failure

to pay proper minimum wage compensation, agreed-upon wages for time worked, and breach of

fiduciary duties with respect to employee welfare benefit plans.

2.     Plaintiffs bring this action on behalf of themselves and all similarly situated

current and former employees of Cornelia Day Resort, pursuant to Federal Rule of Civil

Procedure 23, to remedy violations of the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. §§ 1001, et seq.;  New York State Labor Law ("NYLL"), Article 6, §§

190, et seq.;  NYLL, Article 19 §§ 650, et seq. and supporting New York State Department of

Labor regulations.

3.     Plaintiffs also bring this action on behalf of themselves and similarly situated

current and former employees who elect to opt into this action pursuant to the Fair Labor

Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and, specifically, its collective action

provision, FLSA 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337

and 29 U.S.C. § 216(b).

5.     The Court has supplemental jurisdiction over plaintiff's state law claims pursuant

to 28 U.S.C. § 1367.

2

0479.00114063

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) in that the unlawful actions complained of occurred in, and the records relevant to such practices are maintained in, this District.

## THE PARTIES

### I. PLAINTIFFS

7. At all times material hereto, plaintiff Sarah Ann Battino ("Battino") was employed by Cornelia Day Resort as a Massage Therapist.

8. At all times material hereto, plaintiff Norica Bulica ("Bulica") was employed by Cornelia Day Resort as a Colorist.

9. At all times material hereto, plaintiff Renata Cacace ("Cacace") was employed by Cornelia Day Resort as an Aesthetician.

10. At all times material hereto, plaintiff Alejandra Candelario ("Candelario") was employed by Cornelia Day Resort as a Reservations Agent.

11. At all times material hereto, plaintiff Sandra Caputo ("Caputo") was employed by Cornelia Day Resort as a Massage Therapist.

12. At all times material hereto, plaintiff Hallie Clarke ("Clarke") was employed by Cornelia Day Resort as a Concierge.

13. At all times material hereto, plaintiff Aniko Cocinescu ("Cocinescu") was employed by Cornelia Day Resort as an Aesthetician.

14. At all times material hereto, plaintiff Elena Coteti ("Coteti") was employed by Cornelia Day Resort as a Housekeeper.

15. At all times material hereto, plaintiff John DeGiorgio ("DeGiorgio") was employed by Cornelia Day Resort as a Massage Therapist.

3

0479.00114063

16.    At all times material hereto, plaintiff Joseph Guarino ("Guarino") was employed by Cornelia Day Resort as a Butler.

17.    At all times material hereto, plaintiff Emily Hoffman ("Hoffman") was employed by Cornelia Day Resort as a Butler/Server.

18.    At all times material hereto, plaintiff Ramona Ionescu ("Ionescu") was employed by Cornelia Day Resort as an Aesthetician.

19.    At all times material hereto, plaintiff Adriana Moise ("Moise") was employed by Cornelia Day Resort as a Nail Technician.

20.    At all times material hereto, plaintiff Monica O'Leary ("O'Leary") was employed by Cornelia Day Resort as a Massage Therapist.

21.    At all times material hereto, plaintiff Valerie Philip ("Philip") was employed by Cornelia Day Resort as a Reservations Agent.

22.    At all times material hereto, plaintiff Jennifer Rathbun ("Rathbun") was employed by Cornelia Day Resort as a Massage Therapist.

23.    At all times material hereto, plaintiff Monica Redman ("Redman") was employed by Cornelia Day Resort as a Retail Manager.

24.    At all times material hereto, plaintiff Zoita Sorina Rus ("Rus") was employed by Cornelia Day Resort as a Housekeeper.

25.    At all times material hereto, plaintiff Scott Sachs ("Sachs") was employed by Cornelia Day Resort as a Cafe Manager.

26.    At all times material hereto, plaintiff Natalia Sandu ("Sandu") was employed by Cornelia Day Resort as a Nail Technician.

27.    At all times material hereto, plaintiff Ana Santos ("Santos") was employed by Cornelia Day Resort as an Aesthetician.

4

0479.00114063

28.    At all times material hereto, plaintiff Rekha Sundaresh ("Sundaresh") was employed by Cornelia Day Resort as a Spa Director.

29.    At all times material hereto, plaintiff Svetlana Tabagari ("Tabagari") was employed by Cornelia Day Resort as a Nail Technician.

30.    At all times material hereto, plaintiff Alicia Villanova ("Villanova") was employed by Cornelia Day Resort as an Aesthetician.

31.    At all times material hereto, plaintiff Sofia Visan ("Visan") was employed by Cornelia Day Resort as an Aesthetician.

32.    At all times material hereto, plaintiff Amanda Wells ("Wells") was employed by Cornelia Day Resort as Director of Marketing & Public Relations.

33.    At all times material hereto, plaintiff Lisa Yaeger-Wojchik ("Yaeger-Wojchik") was employed by Cornelia Day Resort as a Cafe Assistant Manager.

34.    At all times material hereto, plaintiff Elena Zayas ("Zayas") was employed by Cornelia Day Resort as a Housekeeper.

## II.    DEFENDANTS

35.    At all times material hereto, defendant Cornelia LLC, a New York limited liability company, owned, operated and managed a luxury spa known as the Cornelia Day Resort, in New York, New York, and employed plaintiffs and those similarly situated.

36.    Upon information and belief, defendant Cornelia International, a New York limited liability company, owned, operated and managed Cornelia LLC and Cornelia Day Resort, in New York, New York, and employed plaintiffs and those similarly situated.

37.    At all times material hereto, defendant Chakra LLC, a Delaware limited liability company, assumed and succeeded to the ownership, operation and management of the Cornelia Day Resort in New York, New York on or about February 5, 2009.

5

38.    At all times material hereto, there was a substantial continuity of the business operation of Cornelia Day Resort following Chakra LLC's assumption of ownership, operation and management.

39.    At all times material hereto, Chakra LLC operated the Cornelia Day Resort at the same location in which it was located while owned by Cornelia LLC.

40.    At all times material hereto, Chakra LLC employed substantially the same workforce as Cornelia LLC.

41.    At all times material hereto, the jobs that existed at Cornelia Day Resort still exist after Chakra LLC's acquisition.

42.    At all times material hereto, the services provided by Cornelia Day Resort are the same under Chakra LLC's and Cornelia LLC's ownership.

43.    Upon information and belief, defendant 401(k) Plan is an employee retirement benefit plan that may be sued under ERISA.

44.    Upon information and belief, at all times material hereto, defendant Aidekman was an individual, who owned some or all of the outstanding membership interests of Cornelia LLC and Cornelia International.

45.    Upon information and belief, defendant Aidekman contributed 90% of the $20 Million in start-up capital for Cornelia Day Resort.

46.    Upon information and belief, at all times material hereto, defendant Sackoff was an individual, and, together with Aidekman, owned all of the outstanding membership interests of Cornelia Fifth Avenue LLC.

47.    Upon information and belief, both Aidekman and Sackoff managed the daily operations of the Cornelia Day Resort, and exercised operational control over the terms and conditions of plaintiffs' employment.

6

0479.00114063

48.    Upon information and belief, at all times material hereto, defendant Canizales was an individual, and is chief executive officer of defendant Chakra LLC.

49.    Upon information and belief, defendant Canizales exercises operational control over the terms and conditions of plaintiffs' employment.

## CLASS ALLEGATIONS

50.    Plaintiffs bring the Second, Third, Sixth and Seventh Claims for Relief on their own behalf and on behalf of a class of persons pursuant to Rule 23 of the Federal Rules of Civil Procedure.

51.    Plaintiffs assert these claims on behalf of

> all persons who worked for Cornelia Day Resort and who were not paid full wages for all time worked at any time from January 1, 2004 until the entry of judgment in this case (the "Class Period")

(the "Class").

52.    For purposes of plaintiffs' Fourth Claim for relief, as set forth below, Plaintiffs seek to certify a sub-class of

> all persons who worked for Cornelia Day Resort and who were participants in its 401(k) Plan, at any time from January 1, 2004 until the entry of judgment in this case (the "401(k) Sub-Class Period")

(the "401(k) Sub-Class").

53.    For purposes of plaintiffs' Fifth Claims for relief, as set forth below, plaintiffs seek to certify a sub-class of

> all persons who worked for Cornelia Day Resort and who were participants in its group health insurance plan, at any time from January 1, 2004 until the entry of judgment in this case (the "Health Plan Sub-Class Period").

(the "Health Plan Sub-Class"). Hereinafter, the Class, 401(k) Sub-Class, and Health Plan Sub-Class, shall at times collectively be referred to as the "Rule 23 Class."

7

54. The individuals comprising the Rule 23 Class are so numerous that joinder of all members is impracticable.

55. Although the precise number of such Rule 23 Class members is not currently known, and facts concerning such precise number are within the sole control of defendants, upon information and belief, there are approximately at least 150 members of the Class during the applicable Class Period, 401(k) Sub-Class Period, and Health Plan Sub-Class Period.

56. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

57. There are questions of law or fact common to the Rule 23 Class that predominate over any questions affecting only individual members. Questions of law and fact common to the Class which predominate over questions solely affecting individual members of the Class include the following:

    a. whether defendants violated NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations, as alleged herein;

    b. whether defendants failed to pay plaintiffs and the Class the applicable minimum wage;

    c. Whether defendants failed to pay plaintiffs and the Class all wages owed to them pursuant to NYLL, §191;

    d. Whether defendants imposed unlawful deductions against the wages of plaintiffs and the Class in violation of NYLL, §193;

    e. Whether defendants violated their fiduciary duties under ERISA with respect to its 401(k) retirement plan;

    f. Whether defendants violated their fiduciary duties under ERISA with respect to its group health insurance plan

    g. Whether the 401(k) Sub-Class members are entitled to contributions under defendants' 401(k) retirement plan;

8

h.   Whether the Health Plan Sub-Class members are entitled to contributions under defendants' group health insurance plan;

i.   Whether the 401(k) and Health Plan Sub-Class members are entitled to injunctive relief under ERISA;

j.   Whether defendants' policies of failing to pay Class members the amounts required under the NYLL was instituted willfully or with reckless disregard of the law; and

k.   The nature and extent of class-wide injury and the measure of damages for those injuries.

58.   The claims of the representative plaintiffs are typical of the claims of the Class and Sub-Classes. The representative plaintiffs have suffered the same type of financial losses as other Class and Sub-Class members in this case. Plaintiff and the Rule 23 Class members work or have worked for defendants and were subject to the same policies or practices. Plaintiff and the Rule 23 Class members are entitled to the same statutory rights under the NYLL to be paid for all hours worked, and to be paid at least the minimum wage

59.   The representative party plaintiffs will fairly and adequately protect the interests of the Rule 23 Class. There is no conflict between plaintiffs and the Rule 23 Class members.

60.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation in which individual plaintiffs lack the financial resources to prosecute such claims effectively against a corporate defendant. The expense and burden of protracted litigation make it impracticable for Class members to seek redress individually for defendants' unlawful conduct. Moreover, if individuals were required to institute separate actions concerning the same issues raised by this action, the Court would be unduly burdened and the risk of inconsistent rulings, which might be dispositive of legal issues affecting nonparties, would be contrary to justice.

9

## COLLECTIVE ACTION ALLEGATIONS

61.    Plaintiffs bring the First Claim for Relief, which alleges violations of the FLSA, on behalf of themselves and similarly situated persons who have worked at defendants during the last three years, and who elect to opt-in to this action (the "FLSA Collective").

62.    Defendants are liable under the FLSA for, among other things, failing to compensate plaintiffs properly. Upon information and belief, there are many similarly situated current and former employees of defendants who have not been properly paid in violation of the FLSA, and who would benefit from the issuance of a court-supervised notice of the instant action and the opportunity to join the instant action. Those similarly situated persons are known to defendants, are readily identifiable, and can be located through the use of defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

63.    At all times material hereto, defendants owned, operated and managed the Cornelia Day Resort, a full service day spa and salon, located on Fifth Avenue in New York New York.

64.    Plaintiffs and Class members were employed as staff employees at the Cornelia Day Resort.

65.    Plaintiffs and Class Members include, among others, massage therapists, aestheticians, housekeepers, nail technicians, butlers/servers, colorists, and other employees.

66.    During the employment of plaintiffs and Class members, and during the month of January 2009 through in or about early February 2009, defendants failed to pay plaintiffs and Class members some or all of the compensation they were owed for services rendered to Cornelia's customers.

10

0479.00114063

67.    In some instances, defendants actually issued paychecks, which were returned by the payor bank for insufficient funds.

68.    Among the compensation withheld from plaintiffs and Class Members was hourly wages, salary, commissions, and tips (hereinafter collectively referred to as "wages").

69.    On or about February 6, 2009, defendant Chakra LLC began operating and managing the Cornelia Day Resort.

70.    To date, Chakra LLC continues to operate the spa and salon under the name "Cornelia Day Resort," and at the facility in which it was located prior to Chakra LLC's acquisition.

71.    Upon information and belief, as of May 1, 2009, Cornelia Day Resort will be renamed "Spa Chakra Fifth Avenue."

72.    Although several of plaintiffs and Class members resigned prior to Chakra LLC's acquisition of the business, some remained employed, with the expectation that they would be compensated for pay periods in which they had not received full wages.

73.    Upon information and belief, at all times material hereto, Chakra LLC had notice of the fact that plaintiffs and Class members had not received their full wages and in some cases had received no wages for pay periods preceding Chakra LLC's acquisition of the Cornelia Day Resort.

74.    At some point, Chakra LLC provided a memorandum to employees stating, among other things, the following: "If you were not paid by Cornelia 5th Ave LLC for any or all of the month of January, you will need to file for unemployment for that time period."

75.    Chakra LLC sought to convince employees that they should be seeking unemployment insurance compensation for periods in which they did, in fact, work, but did not receive full or any wages.

11

0479.00114063

76.     In addition, Chakra LLC notified employees of the following "Cash Advances"

program it had decided to implement:

**CASH ADVANCES:**

**NO EMPLOYEES WILL BE PAID FOR THE PAY PERIOD OF 1/18/09 to 1/31/09:**

For those of you who need immediate assistance, Spa Chakra is offering cash advances of up to $500 for part-time and up to $1,000 for full-time employees. These advances will be credited back to Spa Chakra in small increments off the next eight paychecks, until repaid in full. In addition, payroll will be processed weekly for the next eight weeks. Please fill out the request form and give it to Kelly. It will be processed on Wednesday.

**EMPLOYEES WHO WERE EITHER NOT PAID OR WERE NOT PAID IN FULL FOR THE PAY PERIOD OF 1/4/09 to 1/17/09:**

Spa Chakra will offer immediate cash advances up to the amount you were not paid for this period. Please fill out the request form and give it to Kelly to receive your check. These are available immediately.

77.     Chakra LLC did not pay any outstanding wages owed to plaintiffs and Class

members.

## FACTS RELATING TO 401(k) PLAN SUB-CLASS

78.     During their employment, plaintiffs Bulica, Cacace, Cocinescu, Ionescu,

O'Leary, Santos, Sandu, and Villanova, and 401(k) Sub-Class members, were participants in

Cornelia LLC's employee benefit plans, including its 401(k) retirement plan.

79.     Throughout their employment, the 401(k) Sub-Class members elected to defer

portions of their wages to the defendants' 401(k) retirement plan.

80.     Upon information and belief, defendants used the 401(k) Sub-Class members'

monies for their own purposes, and not for the benefit of the 401(k) Sub-Class members.

81.     Upon information and belief, defendants used the 401(k) Sub-Class members'

monies to fund defendants' business and to cover operating and other costs.

12

0479.00114063

82.     Several of the 401(k) Sub-Class members have attempted to withdraw vested monies maintained in Cornelia LLC's 401(k) plan, based upon, among other things, financial hardship, or to pay for out-of-pocket health-related expenses.

83.     Despite their attempts to recover these amounts, the 401(k) Sub-Class members have been denied access to their monies.

84.     Upon information and belief, the 401(k) Sub-Class members were denied access to their vested funds due to the misconduct of defendants.

## FACTS RELATING TO HEALTH PLAN SUB-CLASS

85.     During their employment, plaintiffs Villanova, Cocinescu, DeGiorgio, Redman, Wells and Health Plan Sub-Class Members, were enrolled in Cornelia LLC's group health insurance plan.

86.     Indeed, Health Plan Sub-Class members contributed to the premium charged for health insurance benefits, through payroll deductions.

87.     In or about the Fall of 2008, and despite that and Health Plan Sub-Class members had suffered deductions from their paychecks to cover a portion of the premium charges for health insurance coverage, Aetna Health Insurance canceled the group health plan applicable to Cornelia Day Resort employees as a result of nonpayment of premiums.

88.     Upon information and belief, defendants Cornelia LLC, Cornelia International, Aidekman and Sackoff, failed to remit the employer's portion of the health insurance premium as well as that portion of premium deducted from the paychecks of Health Benefit Sub-Class members.

89.     Although health insurance coverage was eventually reinstated, some Health Plan Sub-Class members incurred substantial health-related expenses as a result of defendants' failure to maintain and properly administer the group health insurance plan.

13

0479.00114063

## FIRST CLAIM FOR RELIEF

### Fair Labor Standards Act – Minimum Wage
### (Asserted on behalf of plaintiffs and the FLSA
### Collective against all defendants and each of them)

90. Plaintiffs incorporate by reference all of the preceding paragraphs.

91. Defendants failed to pay plaintiffs and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

92. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

93. At all times relevant, plaintiffs and the FLSA Collective were or have been employees engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

94. At all times relevant, defendants have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

95. Defendants were required to pay directly to plaintiffs and the FLSA Collective the applicable federal minimum wage for all hours worked.

96. As a result of defendants' violations of the FLSA, plaintiffs and the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

97. Defendants' unlawful conduct, as described in this complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described

14

0479.00114063

in this complaint were unlawful. Consequently, defendants have acted willfully, and a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CLAIM FOR RELIEF

### New York Labor Law Article 19 - Minimum Wages
### (Asserted on behalf of plaintiffs and the Class against all defendants and each of them)

98. Plaintiffs incorporate by reference all of the preceding paragraphs.

99. Defendants failed to pay plaintiffs and Class members the minimum wages to which they are entitled under the NYLL.

100. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

101. At all times relevant, plaintiff and the Rule 23 Class members have been employees and defendants have been employers within the meaning of the NYLL §§ 651 (5), 652 and supporting New York State Department of Labor Regulations.

102. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to defendants and protect the plaintiffs and the Class members.

103. Defendants were required to pay plaintiffs and Class members the applicable minimum wage under NYLL § 652 and the supporting New York State Department of Labor Regulations.

104. Defendants failed to pay plaintiffs and Class members the minimum hourly wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

105. Defendants' knowing and intentional failure to pay plaintiffs and the Class members minimum hourly wages constituted a willful violation of Article 19 of the NYLL, §§ 650 et seq. and the supporting New York State Department of Labor Regulations.

15

0479.00114063

106.    Due to defendants' violations of the NYLL, plaintiffs and Class members are entitled to recover from defendants their unpaid wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF

### New York Labor Law Article 6 – Non-Payment and Deductions of Wages
### (Asserted on behalf of plaintiffs and the Class against all defendants and each of them)

107.    Plaintiffs incorporate by reference all of the preceding paragraphs.

108.    At all times material hereto, the compensation paid by defendants to plaintiffs and Class members constituted "wages" within the meaning of NYLL §§ 190(1), 191 and 193.

109.    Defendants failed to pay plaintiffs and Class members the wages to which they are entitled under the NYLL, §§ 191 and 193.

110.    Defendants have engaged in a widespread pattern, policy, and practice of violating NYLL, §§ 191 and 193, as detailed in this Complaint.

111.    At all times relevant, plaintiff and the Class members have been employees and defendants have been employers within the meaning of the NYLL §§ 190(2).

112.    Defendants were required to pay plaintiffs and Class members all of the wages owed to them pursuant to NYLL §§ 191 and 193.

113.    Defendants' failure to pay plaintiffs and Class members was knowing and intentional and constituted a willful violation of NYLL §§ 191 and 193.

114.    Due to defendants' violations of NYLL §§ 191 and 193, plaintiffs and Class members are entitled to recover from defendants their unpaid wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and all amounts to which they are entitled under NYLL § 198.

16

## FOURTH CLAIM FOR RELIEF

### ERISA - Breach of Fiduciary Duty With Respect to 401(k) Retirement Plan
(Asserted on behalf of plaintiffs and the 401(k) Sub-Class
against Cornelia LLC, Cornelia International, 401(k) Plan,
Aidekman and Sackoff, and each of them)

115.    Plaintiffs incorporate by reference all of the preceding paragraphs.

116.    By virtue of their various wrongful acts and omissions as described herein,

Defendants have breached one or more of their fiduciary duties to plaintiffs and 401(k) Sub-

Class.

117.    As a result of said wrongful acts and conduct, plaintiffs and 401(k) Sub-Class

members have been damaged in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF

### ERISA - Breach of Fiduciary Duty With Respect to Group Health Insurance Plan
(Asserted on behalf of plaintiffs and the 401(k) Sub-Class
against Cornelia LLC, Cornelia International, 401(k) Plan,
Aidekman and Sackoff, and each of them)

118.    Plaintiffs incorporate by reference all of the preceding paragraphs.

119.    By virtue of their various wrongful acts and omissions as described herein,

Defendants have breached one or more of their fiduciary duties to plaintiffs and the Health Plan

Sub-Class.

120.    As a result of said wrongful acts and conduct, plaintiffs and the Health Plan

Sub-Class members have been damaged in an amount to be determined at trial.

17

0479.00114063

## SIXTH CLAIM FOR RELIEF

### Breach of Contract and Covenant of Good Faith and Fair Dealing
### (Asserted on behalf of plaintiffs and the Class
### against all defendants and each of them)

121.   Plaintiff incorporates by reference all of the preceding paragraphs.

122.   At all times material hereto, defendants agreed to compensate plaintiffs and Class members according to certain rates for work performed on behalf of defendants.

123.   Defendants' failed to pay plaintiffs and Class members previously agreed-upon amounts.

124.   Defendants' failure to compensate plaintiffs constituted a breach of contract.

125.   Defendants' failure to compensate plaintiffs constituted a breach of the implied covenant of good faith and fair dealing.

126.   As a proximate result of defendants' actions, plaintiffs and Class members have been deprived of such amounts owed to them and have incurred damages thereby.

## SEVENTH CLAIM FOR RELIEF

### Common Law Unjust Enrichment
### (Brought on Behalf of Plaintiffs and the Class)

127.   Plaintiffs incorporate by reference all of the preceding paragraphs.

128.   As a direct and proximate result of defendants' conduct, defendants have received substantial benefits to which they had no entitlement, at the expense of plaintiffs and Class members.

129.   Plaintiffs and Class members are entitled to compensation for all of the services they provided to defendants, for which defendants should have paid, and are entitled to the quantum meruit value of their services as employees.

## JURY DEMAND

130.   Plaintiffs demand a jury on all claims properly triable by a jury.

18

0479.00114063

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiffs, individually and on behalf of similarly situated persons, pray for the following relief:

A.      That, at the earliest possible time, plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by defendants.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C.      Designation of plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

D.      Issuance of a declaratory judgment that the practices complained of in this Class Action are unlawful under NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

E.      Issuance of a declaratory judgment that the practices complained of in this Class Action are unlawful under NYLL Article 6, §§ 190 et seq., and the supporting New York State Department of Labor regulations;

F.      Unpaid wages and additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

G.      An award of actual damages in an amount to be determined at trial, including pursuant to ERISA, 29 U.S.C. § 1132(a)(4);

H.      Unpaid minimum wages pursuant to NYLL Article 19, §§ 650 et seq., and the

19

0479.00114063

supporting New York State Department of Labor regulations;

I.      An award of actual damages for violations of NYLL, Article 6, §§ 190 et seq.,

pursuant to NYLL § 198, in an amount to be determined at trial;

J.      An award of actual damages for defendants breach of contract and implied covenant

of good faith and fair dealing in an amount to be determined at trial;

K.      All  relief available under applicable law;

L.      Liquidated and punitive damages as permitted by applicable law;

M.      Pre-judgment interest and post-judgment interest;

N.      An injunction requiring defendants to pay all statutorily required wages pursuant

to the FLSA and NYLL;

O.      Reasonable attorneys' fees and costs of the action; and

P.      Such other relief as this Court shall deem just and proper.

Dated:  New York, New York
        April 27, 2009

                                Respectfully submitted,

                                **GANGEMI LAW FIRM, P.C.**

                                By: _____
                                Salvatore G. Gangemi  (SG 5604)
                                82 Wall Street, Suite 300
                                New York, New York 10005
                                (212) 425-0630

                                Jonathan Bernstein (JB 4053)
                                **LEVY DAVIS & MAHER, LLP**
                                29 Broadway, 9th Floor
                                New York, New York 10006
                                (212) 371-0033

                                Attorneys for Plaintiffs

20

0479.00114063