UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SARAH ANN BATTINO, individually, et al., and
on behalf of all others similarly situated and as class        :   09 Civ. 4113 (JPO)(MHD)
representatives,

                      Plaintiffs,

      -against-

CORNELIA FIFTH AVENUE, LLC, SPA
CHAKRA FIFTH AVENUE, LLC, CORNELIA
ZICU INTERNATIONAL, LLC, CORNELIA
INTERNATIONAL 401(K) PLAN, RICHARD
AIDEKMAN, ELLEN SACKOFF, MICHAEL
CANIZALES, and CORNELIA ESSENTIALS,
LLC,

                      Defendants.
-------------------------------------------------------------x

**DEFENDANT CORNELIA FIFTH AVENUE, LLC, CORNELIA ZICU
INTERNATIONAL, LLC, CORNELIA INTERNATIONAL 401(K) PLAN,
RICHARD AIDEKMAN, AND ELLEN SACKOFF, MEMORANDUM OF
LAW IN OPPOSITION TO DEFENDANT MICHAEL CANIZALES'
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

Richard K. Muser (RM - 5220)
**CLIFTON BUDD & DeMARIA, LLP**
420 Lexington Avenue, Suite 420
New York, New York 10170-0089
(212) 687-7410

Attorneys for Defendants
*Cornelia Fifth Avenue, LLC, Cornelia Zicu
International, LLC, Cornelia International
401(K) Plan, Richard Aidekman, and Ellen
Sackoff*

## Preliminary Statement

Defendants, Cornelia Fifth Avenue, LLC, Cornelia Zicu International, LLC, Cornelia International 401(k) Plan, Richard Aidekman, and Ellen Sackoff, by their attorneys Clifton Budd & DeMaria, LLP, respectfully submit this memorandum of law in opposition to the motion by Defendant Michael Canizales for an Order pursuant to Federal Rules of Civil Procedure 56, granting partial summary judgment dismissing their cross claims against Canizales.[1] As demonstrated below, there are substantial issues of triable fact with respect to the transaction underlying this dispute and the indemnity obligations arising therefrom, requiring the denial of the summary judgment motion.

## Defendant Canizales' Motion for Summary Judgment Should be Denied.

Summary judgment pursuant to Federal Rules of Civil Procedure 56 is warranted where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A genuine issue for trial exists if, based on the record as a whole, a reasonable trier of fact could return a verdict for the non-movant party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The burden to show that there are no genuine issue of fact rests with the party seeking summary judgment. *Anderson*, 477 U.S. at 256; *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1304 (2d Cir. 1995), abrogated on the grounds by, *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998).

"When deciding a summary judgment motion, a trial court's function is not to weigh the evidence, make credibility determinations or resolve issues of fact, but rather to determine whether drawing all reasonable inferences from the evidence presented in favor of the non-

---

[1] Richard Aidekman and Ellen Sackoff have each filed for bankruptcy and their cases are presently before the Bankruptcy Court. (Aidekman Aff. ¶ 3) Therefore this action itself has been stayed against them.

moving party, a fair-minded jury could find in the non-moving party's favor." *Bearie v. City of New York*, 123 F.3d 707, 710 (2d Cir. 1997) (internal citation omitted). The weighing of evidence and the assessment of credibility are matters that lie exclusively within the province of the trier of fact, not the court. *Hayes v. New York City Department of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996) (citing *United States v. Rem*, 38 F.3d 634, 644 (2d Cir. 1994)).

In determining whether there exist genuine issues of material fact, all inferences must be drawn and all doubts must be resolved, in favor of the non-moving party. *Anderson*, 477 U.S. at 248; *Donahue v. Windson Locks Board of Fire Commissioner*, 834 F.2d 54, 57 (2d Cir. 1987).

It is clear from the affidavit of Richard Aidekman, and the attached exhibit to that document, that there are substantial material factual disputes regarding the transaction which led to this litigation. It is the contention of defendants' Cornelia Fifth Avenue, LLC, Cornelia Zicu International, LLC and Cornelia International 401(k) plan that the transaction at issue and here, the sale of certain assets and liabilities of Cornelia Fifth Avenue, LLC to Spa Chakra Fifth Avenue, LLC, with Michael Canizales as the signatory and chief executive officer, was fraught with misrepresentations and diversion of funds by Michael Canizales and Spa Chakra. (As noted earlier, Aidekman and Sackoff are presently under the protection of the United States Bankruptcy Court, any claims against them, or claims by them, are subject to the jurisdiction of that court and all liability and all litigation against them is stayed.) (Aidekman Aff. ¶ 3)

It is not disputed that, in connection with the sale of certain assets and liabilities of Cornelia Fifth Avenue, LLC, there were some wages that were due to some of the employees of Cornelia Fifth Avenue, LLC. The amount of the wages, to whom they were owed, and whether money was delivered from Cornelia Fifth Avenue, LLC to Spa Chakra Fifth Avenue, LLC and/or Michael Canizales to pay all or part of those wages, is however, in serious dispute.

As reflected in the Affidavit of Richard Aidekman, in fact there was money turned over in an account from Aidekman to Canizales for payment of Plaintiffs' wages in this case and such money was not given to the Plaintiffs as intended. Canizales was the principal representative of the Purchaser involved in this transaction and had most of the direct dealings with Aidekman, including various informal discussions both before and after the closing implementing various arrangements.

The Asset Purchase Agreement may identify only Spa Chakra Fifth Avenue, LLC as the Buyer, and as the Indemnitor, but Michael Canizales was the *de facto* entity negotiating this agreement and handling the assets of the Purchaser which were turned over in connection with the sale. It was his role to determine whether those assets were used as agreed to or diverted to other areas. As such, he should be held liable under the Buyer's indemnity obligation as the primary representative of the Buyer as its Chief Executive Officer. At minimum, the facts are sufficiently in dispute that this case is inappropriate for decision by summary judgment.

Dated: October 31, 2011
      New York, New York

      Respectfully submitted,

      CLIFTON BUDD & DeMARIA, LLP
      Attorneys for Defendants
      Cornelia Fifth Avenue, LLC, Cornelia Zicu
      International, LLC, Cornelia International
      401(K) Plan, Richard Aidekman, and Ellen
      Sackoff

      By: _____
      Richard K. Muser (RM-5220)
      420 Lexington Avenue, Suite 420
      New York, New York 10170-0089
      (212) 687-7410